FILED
SUPERIOR COURT
OF GUAM

2018 MAR -8 PM 3:48

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,** | **CRIMINAL CASE NO.: CF0135-13** |
| vs. | |
| | **DECISION AND ORDER** |
| **ALBERT TORRES TEDTAOTAO,** | **(Defendant's Motion to Reduce Sentence)** |
| DOB: 04/01/1973 | |
| **DEFENDANT.** | |

### INTRODUCTION

This matter came before the Honorable Anita A. Sukola on December 22, 2017 on Albert Torres Tedtaotao's ("Defendant") Motion to Reduce Sentence. The Defendant was represented by Public Defender Stephen P. Hattori. Assistant Attorney General Peter J. Santos appeared on behalf of the People of Guam. Upon review of the written and oral arguments, and legal authorities presented by the Parties, the Court hereby **DENIES** the Defendant's Motion to Reduce Sentence.

### BACKGROUND

The Defendant was indicted on March 22, 2013 for charges related to a burglary of the business establishment '*Q's Mart*' on December 16, 2012. Indictment (Mar. 22, 2013). On March 25, 2014, at the conclusion of a jury trial of this matter, the jury found the Defendant Guilty of (1) **BURGLARY (as a 2ⁿᵈ Degree Felony)**; and (2) **THEFT OF PROPERTY (as a 3ʳᵈ Degree**

**ORIGINAL**

CF0135-13 People of Guam vs. Albert Torres Tedtaotao
DECISION AND ORDER (Defendant's Motion to Reduce Sentence)

Page 1 of 3

**Felony**) as a lesser included offense to the charge of **THEFT OF PROPERTY (as a 2nd Degree Felony**). Verdict Forms 1, 3 (March 25, 2014).

Subsequently on November 10, 2014, this Court entered Judgment against the Defendant and sentenced the Defendant to ten (10) years incarceration for the crime of burglary and five (5) years incarceration for the crime of theft of property. J. 2 (Nov. 10, 2014). The Court gave the Defendant credit for time served, and ordered the sentences to run concurrently. Id. This Court entered an Amended Judgment on March 3, 2016. The Defendant subsequently appealed this Court's Judgment and on March 14, 2016, the Supreme Court of Guam entered an Opinion which affirmed this Court's Judgment. See People v. Tedtaotao, 2016 Guam 9 ¶ 1. The Supreme Court subsequently entered Judgment in this matter on March 14, 2016. See J. CRA14-026 (Mar. 14, 2016). Finally the Supreme Court issued a Mandate in this matter on April 6, 2016. See Mandate (Apr. 6, 2016).

On June 26, 2017, the Defendant filed the instant Motion to Reduce Sentence. This Court heard oral arguments on the Motion and took the matter under advisement on December 22, 2017.

## DISCUSSION

The Defendant seeks a reduction in sentence pursuant to 8 GCA § 120.46 because "sometime after sentencing, [the Defendant] was taken off-island for open heart surgery." Mot. Reduce Sentence (June 26, 2017). At the Hearing on the Motion, Counsel for Defendant also made the argument that the Court should reduce the Defendant's sentence due to the Defendant's good behavior. Motion Hearing 10:17:45 a.m. to 10:18:00 (Nov. 7, 2017).The People argue in opposition that under 8 GCA § 120.46, this Court has no jurisdiction to reduce the Defendant's sentence because the "motion was filed 469 days after the sentence was made final." People's Opp'n Mot. Reduce Sentence 2-3 (June 28, 2017).

For the reasons set out herein, the Court agrees with the People that under 8 GCA § 120.46, the statute invoked by the Defendant in the Motion to reduce sentence, the Court has no jurisdiction to reduce the Defendant's sentence. Because the Court reaches this conclusion as a matter of law, the Court does not address the merits of the Defendant's Motion.

8 GCA § 120.46 provides, in relevant part,

". . . [t]he court may reduce a sentence within one hundred twenty (120) days after the sentence is imposed, or within one hundred twenty (120) days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within one hundred twenty (120) days after entry of any order or judgment of the Supreme Court of Guam, having the effect of upholding a judgment of conviction."

8 GCA § 120.46 (2017). Here the Defendant's Motion was filed on June 26, 2017. If the one hundred twenty day time frame contemplated by § 120.46 is calculated using the date the Supreme Court of Guam entered Judgment, March 14, 2016, then 469 days tolled from the date Supreme Court's Judgment affirming this Court's Judgment was entered, to the Defendant's Motion. If the time frame is calculated using the date of the Mandate issuing from the Supreme Court, April 4, 2016, then 448 days tolled from the date of the Supreme Court's Mandate being filed, to the date of the Defendant's Motion.

In either instance, the Defendant's Motion was not made within the appropriate period which would allow this Court to order a reduction of sentence under § 120.46. Thus even if this Court considered the merits of the Defendant's Motion and was also inclined to reduce the Defendant's sentence, the Defendant has pointed to no authority which allows this Court to reduce a sentence beyond the 120 day time period contemplated by 8 GCA § 120.46. Thus the Court agrees with the People that this Court is without jurisdiction to reduce the Defendant's sentence at this time.

## CONCLUSION

Thus by preponderance of the evidence and based on the foregoing reasons, the Court hereby **DENIES** the Defendant's Motion to Reduce Sentence.

SO ORDERED ___**MAR 0 8 2018**___.

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of:

_AG, PDSC_

Date: 3|8|18 Time: 3:50

Deputy Clerk, Superior Court of Guam

The Honorable Anita A. Sukola
Judge, Superior Court of Guam

CF0135-13 People of Guam vs. Albert Torres Tedtaotao
DECISION AND ORDER (Defendant's Motion to Reduce Sentence)